UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 10-10434-GAO

UNITED STATES OF AMERICA,

v.

IURY JANDIR GOMES,
Defendant.

OPINION AND ORDER
April 25, 2016

O'TOOLE, D.J.

On November 17, 2011, the petitioner, Iury Jandir Gomes, pled guilty to one count of conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. § 846. On February 29, 2012, the petitioner was sentenced to 120 months imprisonment. After an unsuccessful appeal, the petitioner now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the basis that his trial and appellate counsel were ineffective for not arguing that he should have been sentenced based upon the approximate drug weight offered by the government at his change of plea hearing—400 to 700 grams of heroin—rather than the 790 grams ultimately attributed to him by the Probation Department's presentence report ("PSR").

The First Circuit considered and rejected the petitioner's claim regarding the applicable drug weight on direct appeal. The petitioner's appointed appellate counsel filed an Anders brief, seeking to withdraw from representation because, she asserted, there were no non-frivolous issues to be presented, highlighting in particular issues related to drug weight. See Anders v. California, 386 U.S. 738, 744 (1967). Gomes submitted a pro se supplemental brief focusing on the district court's calculation of the drug weight. After it had "carefully reviewed the record, along with

Counsel's brief and Appellant's pro se supplemental brief," the First Circuit granted appellate counsel's motion to withdraw and summarily affirmed the judgment of the district court, concluding that there was "no non-frivolous basis for appeal." United States v. Gomes, No. 12-1313, slip op. at 1 (1st Cir. Sept. 6, 2012).

Gomes' claim of ineffective assistance of counsel for failure to contest the district court's adoption of the drug weight specified in the PSR necessarily fails as a consequence. If there were no non-frivolous arguments to be made regarding the attribution of drug weight in the Guidelines calculation, it cannot have been deficient representation by counsel not to have made them. The substantive issue of drug weight was considered by the First Circuit and determined to be frivolous. He cannot re-litigate that issue under the guise of ineffective assistance of counsel. See United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam) (citations omitted); Dowdell v. United States, 859 F. Supp. 2d 176, 179 (D. Mass. 2012) (citations omitted) ("It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition."); see also Stoufflet v. United States, 757 F.3d 1236, 1242 (11th Cir. 2014) (finding petitioner's claim about the voluntariness of his plea procedurally barred when issue was raised on direct appeal by appointed counsel in her Anders brief and by petitioner's response to the brief); White v. United States, 371 F.3d 900, 902-03 (7th Cir. 2004) ("Presented is presented, whether in an Anders brief or in any other format; and if an appeal is dismissed as frivolous, that is a binding adjudication that the claims presented in it had no merit at all, rather than an invitation to refile."); Irizarry-Corchado v. United States, No. CIV. 09-1316 PG, 2012 WL 458495, at *3 (D.P.R. Feb. 10, 2012).

Even if the claim that both trial and appellate counsel rendered constitutionally deficient service in failing to argue that the Guidelines range should have been determined not on the information presented in the PSR but on the government's estimate given during the defendant's plea colloquy were not foreclosed, it wholly lacks merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The conspiracy to which Gomes pled guilty "involved in excess of one kilogram of a mixture and substance containing a detectable amount of heroin." (Indictment at 3-4 (dkt. no. 128); Nov. 17, 2011 Change of Plea Tr. at 4 (dkt. no. 391).) Although the government stated at Gomes' change of plea hearing that it "believe[d]" 400 to 700 grams of heroin was attributable to Gomes, the government was not bound to that estimate in the absence of any explicit undertaking or agreement with the defendant. And there certainly was no limitation on the Court's authority to make its own determination as to the drug weight to be used in calculating Gomes's Guidelines range. At the plea colloquy Gomes was pointedly advised that the calculation of the Guidelines range was a matter to be determined later at sentencing. He acknowledged under oath that he was not relying on any kind of assurances, promises, or commitments from the government in deciding to plead guilty. (Change of Plea Tr. at 6, 9-12.)

The PSR subsequently prepared by probation, and adopted by the Court, attributed 790 grams of heroin to Gomes. In support of its finding, probation included in the PSR a table detailing the dates on which Gomes was intercepted ordering or selling heroin, for each date the supplier from whom Gomes ordered the heroin or the customer to whom he sold it, and the amount of heroin ordered or sold. The PSR also noted that surveillance confirmed that Gomes had been at the various locations which coincided with the intercepted calls. The specific instances detailed in the PSR added up to the 790 grams attributed to him for Guidelines purposes.

Under the circumstances, Gomes has not shown that counsel were constitutionally deficient in failing to argue for a lower calculation. See Strickland, 466 U.S. at 687.

For the foregoing reasons, the defendant's Motion to Vacate under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

Because the defendant has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge